# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

**SYLVIA E. CRANE,**
    Plaintiff,

v.

**LOUIS DEJOY,**
    Defendant.

Case No. 4:20-cv-572-CLM

## MEMORANDUM OPINION

Sylvia Crane sued the United States Postal Service under the Rehabilitation Act for failure to accommodate and retaliation. A jury found for the USPS on both counts. (Doc. 63). Crane now moves this court to alter or amend the judgment or grant a new trial under Rule 59. (Doc. 69). For the reasons stated below, the court **DENIES** her motion.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59, the court may grant a new trial or alter or amend the judgment. But "new trials trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great, not merely the greater weight of the evidence." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984). Thus, "[i]f the jury's verdict is supported by the evidence, then it is immaterial that . . . the district judge would have arrived at the same verdict because it is not [the court's] place to substitute [its] judgment for that of the jury." *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 571 F.3d 1143, 1145 (11th Cir. 2009). At bottom, "[w]hen there is some support for a jury's verdict, it is irrelevant what. . . the district judge would have concluded." *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991).

## DISCUSSION

### Count 1: Failure to Accommodate

On Count 1, the jury found that Crane failed to prove that she had a disability. (Doc. 63, p.1). Crane argues that she presented sufficient evidence to prove by a preponderance of the evidence that she had a disability, and that the jury's contrary finding was against the great weight of that evidence. (Doc. 69). Crane points to medical testimony about her condition, and statements from doctors and medical records that show her impairment substantially limited major life activities. She also points out that the defendant did not contest her having a disability at summary judgment or in closing arguments.

The USPS disagrees. It argues that significant evidence allowed the jury to find that Crane did not have a disability. (Doc. 77). The USPS points out that witnesses testified that Crane was a "liar" and a "dishonest, manipulative victim." (Doc. 77 at 5). The USPS also argues that the jurors could have determined that Dr. Lachman's testimony (Crane's psychiatrist) was not credible because she based her medical opinion on limited information. Even more, Crane's co-workers and supervisors' testimony could have led the jury to reasonably conclude that Crane did not have a disability.

The court agrees with the USPS that the jury's finding was not against the great weight of the evidence. Based on the evidence presented at trial by both parties, the jury could have reasonably concluded that Crane failed to establish by a preponderance of the evidence that she had a disability. So the court **DENIES** Crane's Rule 59 motion on Count 1.

### Count 2: Retaliation

On Count 2, the jury found that Crane failed to prove that she had engaged in a protected activity. (Doc. 63, p.2). Crane argues that finding was against the great weight of that evidence. (Doc. 69).

In support, Crane points out that she filed multiple EEO complaints about the USPS's failure to accommodate her. She argues that the evidence showed that she based those complaints on a good-faith belief that the USPS was engaged in unlawful employment practices. She also argues that at summary judgment and closing arguments, the USPS did not argue that she did not engage in a protected activity or that she lacked a good-faith basis for the EEO complaints.

The USPS counters that there was sufficient evidence for the jury to determine Crane did not have a good faith, reasonable belief as a basis for her EEO complaints.[1] (Doc. 77). The USPS argues that the jury could have based its decision on her credibility as a plaintiff, her alleging all types of discrimination in her EEO complaints, and testimony that she often lied. The USPS also notes that, contrary to Crane's assertion, it did argue in closing that the jury should find that Crane failed to prove that she engaged in a protected activity because Crane lacked a good-faith belief that the USPS acted because of her alleged disability. *See* (Doc. 76, pp. 675-76) (USPS counsel arguing that Crane's retaliation claim "dies" on the first element of protected activity).

The court finds that the jury's verdict was not against the great weight of the evidence. Considering both parties' evidence, a reasonable juror could have determined that Crane failed to prove a good faith, reasonable basis for her EEO complaints, and thus failed to prove that she engaged in protected activity. This finding would fit with the jury's verdict on Count 1—*i.e.*, the jury found that Crane was not disabled (Count 1) and Crane lacked a good-faith belief for her EEO complaints because she knew she was not disabled (Count 2).

So the court **DENIES** Crane's Rule 59 motion on Count 2.

---

[1] Following the Eleventh Circuit's pattern instruction, the court instructed the jury that "action is 'protected activity' if it was based on Crane's good-faith reasonable belief that USPS discriminated against her because of her disability. Crane had a 'good faith' belief if she honestly believed that USPS discriminated against her because of her disability." (Doc. 62, pp. 11-12).

## CONCLUSION

For the reasons above, the court **DENIES** Crane's motion to alter or amend the judgment or for a new trial. (Doc. 69). The court will enter a separate order that carries out this opinion.

**DONE** and **ORDERED** on January 17, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE